McElroy, Deutsch, Mulvaney & Carpenter, LLP
88 Pine Street, 24th Floor
New York, New York 10005
(212) 483-9490
Attorneys for Defendant,
American Counsel of Engineering Co.

By: _____
    Steven P. Del Mauro (SPD-9689)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EDWARD D. ANDREWS,                      :
                                        :
                        Plaintiff,      : CIVIL ACTION NO.
                                        :
vs.                                     :
                                        :
AMERICAN COUNSEL OF ENGINEERING,        :
CO.,                                    :
                                        :
                        Defendant.      :

---

### CIVIL ACTION - NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that the undersigned attorneys for defendant, American Counsel of Engineering Co. ("American"), petition this Honorable Court for an order pursuant to 28 U.S.C. § 1441, et seq., removing to the United States District Court, Southern District of New York, a matter instituted in the Civil Court of the City of New York, Small Claims Part, bearing index number 3442/05-1.

**PLEASE TAKE FURTHER NOTICE** that a copy of this removal petition has been filed with the Civil Court of the City of New York, thereby effecting removal pursuant to 28 U.S.C. §

1446(b).

**PLEASE TAKE FURTHER NOTICE** that by effecting removal of this civil action, American reserves all rights to raise any all defenses available under the Federal Rules of Civil Procedure including, but not limited to, FED. R. CIV. P. 12.

**PLEASE TAKE FURTHER NOTICE** that in support of this notice of removal, American relies upon the following:

1.  Edward D. Andrews ("Andrews") filed a complaint in the Civil Court of the City of New York, Small Claims Part, bearing index number 3442/05-1. Annexed hereto as Exhibit "A" is a copy of the notice of claim and summons to appear which constitutes all process, pleadings and/or orders served upon and/or first received by American to date within the meaning and intent of 28 U.S.C. § 1446.

2.  As of the filing of this removal petition, American has not been properly and/or validly served with summons and complaint. Nonetheless, on July 28, 2005, American first had knowledge of the institution of suit and the basis for the removal of this civil action when it received the documents annexed hereto as Exhibit "A". Removal is therefore timely under 28 U.S.C. § 1446(b) in that the filing of the within petition occurred within thirty (30) days of the service of summons and complaint.

3.  The Court's review of the notice of claim and summons will reveal that Edwards commenced this action to recover monies arising out of non-payment of an insurance claim. Indeed, Trustmark Insurance Company had issued a certificate of insurance to Infra Tech Associates, which certificate provides health benefits to its employees including Andrews. Andrews, as an employee of Infra Tech Associates, was afforded medical benefits under the certificate of insurance issued by Trustmark. The gravamen of the complaint relates to and concerns Andrews' claim for benefits

under the certificate of insurance.

4. The certificate of insurance issued by Trustmark funds, in whole or in part, an Employee Welfare Benefit Plan established or maintained by Andrews' employer, Infra Tech Associates. Given the applicability of ERISA, pursuant to 29 U.S.C. § 1132(e), the United States District Courts are provided with subject matter jurisdiction over all matters for, inter alia, benefits provided under employee welfare benefit plans, including the plan made the subject of the action instituted by Andrews. Furthermore, pursuant to 29 U.S.C. § 1144, the terms and provisions of ERISA totally pre-empt all state causes of action, including causes of action for breach of contract and otherwise. Removal is therefore appropriate under and pursuant to 28 U.S.C. § 1441(a) and (b). See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987).

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

McELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP
Attorneys for Defendant,
American Counsel of Engineering Co.

Date: August 25, 2005

By: _____
Steven P. Del Mauro (SPD-9689)

Trustmark/Andrewsr/American Removal/Notice of Removal
T4369

# EXHIBIT A

